[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5244
The parties intermarried on September 18, 1982 in Purchase, New York. The plaintiff has resided continuously in Connecticut for approximately twenty years. There are two children issue of the marriage. There is Anna, born February 18, 1984 and Kimberly, born September 10, 1987. The evidence clearly indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 37, had completed one year of college at the time she married the defendant. During the subsequent years, she worked as a sales clerk and homemaker. She found the time to take a secretarial course at Katharine Gibbs, and she currently is employed as a secretary at General Electric Credit Corporation.
The defendant, age 46, is a college graduate and has completed approximately eighty per cent of the course requirements for a master's degree. He apparently has an aptitude for computers and has held several jobs in that field. He presently works as a regional manager for a computer company and sells software products.
Each party has blamed the other for the breakdown of this marriage. The evidence presented has convinced this court that the defendant's behavior towards the plaintiff was the major reason for the failure of this relationship. The court believes the plaintiff's testimony that the defendant was domineering, critical and inflexible. The plaintiff's self esteem has been impaired. It is to her credit that she has been trying to improve her situation by taking the secretarial course and obtaining a responsible job.
The evidence revealed that during the pendency of this action the defendant violated a court order prohibiting the disposition of assets. The defendant has offered no reasonable explanation for this behavior. The court finds the defendant's arrogant actions to be outrageous. This wilful violation of a court order has resulted in the defendant's committing both a civil and criminal contempt.
In its decision, the court has only treated this behavior by the defendant as a civil contempt. No punishment is considered in dealing with a civil contempt. In its division of assets, the CT Page 5245 court has included in its consideration the defendant's premature use of in excess of $100,000 in funds.
The court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-62, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. In accordance with the stipulation of the parties entered on the record, the court orders that the parties shall have joint legal custody of the minor children with the plaintiff having residential custody. The defendant shall have visitation rights as set out in the stipulation.
2. The applicable Child Support Guideline for this case is based on the plaintiff's gross income of $41,500 and the defendant's gross income of $67,000. The Child Support Guidelines require the defendant to pay the plaintiff the sum of $277 per week for the support of both children.
a. Commencing June 5, 1995, and weekly thereafter in advance, the defendant shall pay to the plaintiff as child support the sum of $277. The payments shall continue until the death of the children, their emancipation, their reaching majority or in accordance with the provisions of section 46b-84(b) of the Connecticut General Statutes, whichever event first occurs.
A contingent wage withholding order may enter.
b. Each party shall contribute one-half of the tuition for the children's attendance at the Greenwich Catholic grade school. This deviation from the guidelines is based on the best interests of the children and on the division of the assets and liabilities as hereinafter ordered.
c. On July 11, 1994, the plaintiff filed a motion requesting child support pendente lite (Motion #110). After a hearing, the court ordered payment of $300 per week, effective September 26, 1994. The court reserved decision on the plaintiff's request that the order be retroactive to the date of the filing of the motion. After hearing testimony on the issue at this trial, the court grants the motion. Therefore, the court finds that the defendant owes child support for the period of July 11, 1994 through CT Page 5246 September 25, 1994, a period of eleven weeks. The total due is $3,300. This payment shall be made by July 1, 1995.
d. The plaintiff may take the dependency exemption for the minor children for the calendar years 1993 and 1994. Commencing calendar year 1995, the plaintiff may take the dependency exemption for Anna, and the defendant may do so for Kimberly.
3. The plaintiff shall continue to provide medical insurance coverage for the children under her employer's plan. In the event she is unable to provide such coverage through her employment, the defendant shall provide such coverage. The parties shall divide and pay equally any and all unreimbursed medical, dental, orthodontic and psychological care and treatment expenses for the minor children. Section 46b-84(d) of the Connecticut General Statutes shall apply.
4. The defendant shall pay to the plaintiff as periodic alimony the sum of $1 per year. The period shall commence on June 1, 1995 and continue until the death of either party, the plaintiff's remarriage, or May 31, 2002, whichever event first occurs. This order is non modifiable as to term.
5.a. Each party shall keep his or her own checking, savings and retirement funds, including individual retirement accounts and 401(k) plans, stocks, bonds and mutual funds as listed on her or his financial affidavit. The totals of these assets, as scheduled, are approximately $107,849 on the defendant's affidavit and $134,091 on the plaintiff's affidavit.
b. The defendant shall promptly transfer to the plaintiff sufficient shares of his General Electric Company stock that have a total value of $10,000. The parties shall make the necessary cash adjustment so that the value of the transfer shall be exactly $10,000 based on the market price of the shares on the date of transfer.
c. The parties shall undertake any and all steps necessary to divide the Hilton Head timeshare so that each retains a property interest in one week of the time-share. Any and all banked time shall be divided equally between them. Any and all unpaid fees as of the date of this judgment shall also be divided equally between the parties for payment.
d. The defendant shall promptly convey to the plaintiff a CT Page 5247 fifty (50%) per cent interest in the marital residence located at 142 Barclay Drive in Stamford. The property shall be sold as soon as possible.
From the gross proceeds of sale, the existing mortgage and customary closing costs shall be applied. The balance shall be equally divided between the parties.
The court reserves jurisdiction over any issues involving the sale of the premises.
Until the sale, the defendant shall have exclusive possession of the premises. He shall be solely responsible for the payment of all carrying charges, including the mortgage, real estate taxes and insurance.
e. Each party shall retain the automobile in his or her own name.
f. The defendant is awarded the $10,000 deposit on a condominium, his player piano and his computer equipment.
g. The defendant is awarded the custodial account to be used for the benefit of the parties' daughter, Anna.
h. The parties shall divide their personal property in accordance with the Family Relation report marked as exhibit 9. Any and all unresolved issues concerning personal property not included in this exhibit shall be mediated with the assistance of a friend of the parties. The court reserves jurisdiction in the event that mediation fails.
6.a. Each of the parties shall be responsible for the payment of the liabilities listed on his or her financial affidavit with the exception of the balance due for the 1994-1995 Greenwich Catholic grade school tuition in the amount of $4,435 which shall be divided equally between the parties.
b. Each party shall be responsible for one-half of any outstanding counsel fees owed to Sari Jaffe, attorney for the minor children.
c. The defendant shall contribute to the plaintiff's counsel fees the sum of $15,000. The court finds that a denial of the plaintiff's claim for counsel fees would unduly impair and undermine the other financial awards entered. The CT Page 5248 contribution may be made at the time of closing of the sale of the marital residence.
7. The defendant shall obtain and maintain life insurance on his life for the benefit of the minor children in the amount of $70,000. He shall designate the plaintiff as custodian of the proceeds and shall not borrow against such policy. The defendant shall give the plaintiff authorization to communicate with the insurance carriers concerning the status of the policy or policies. In the event the defendant dies without such coverage, the minor children shall have a claim against his estate for said amount.
8. The plaintiff's maiden name of Dunn is ordered restored.
Judgment may enter accordingly.
NOVACK, J.